NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0227n.06

Case No. 21-2960

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TYRONE BOOTH; NICOLE REID;
CANDACE BURTON; CHAD BALDWIN;
NELSON HADLEY; SCOTT WATSON,

    Plaintiffs - Appellants,

v.

FLINT POLICE OFFICERS ASSOCIATION;
KEVIN SMITH; CITY OF FLINT,
MICHIGAN; MAKINI JACKSON; POLICE
OFFICERS LABOR COUNCIL; TERENCE
GREEN,

    Defendants - Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
Jun 07, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

---

Before: GIBBONS, McKEAGUE, and THAPAR, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Pursuant to its collective bargaining agreement

("CBA") with the Flint Police Officers Association ("FPOA"), the city of Flint, Michigan, ("the

city") requires police officers to take a competitive examination to be promoted to sergeant.

Tyrone Booth, Nicole Reid, Candace Burton, Chad Baldwin, Nelson Hadley, and Scott Watson

(collectively, "plaintiffs") were promoted from provisional sergeant to permanent sergeant by

then-Chief of Police Timothy Johnson without taking an examination. The Police Officers Labor

Council ("POLC"), the labor union representing the Flint Police Sergeants Association ("FPSA"),

filed a grievance requesting that plaintiffs' promotions be rescinded. A subsequent Memorandum

of Understanding ("MOU") between the city and the FPOA demoted plaintiffs to provisional

sergeant but provided for plaintiffs to be promoted to permanent sergeant if they received a passing

score on the next written examination. Plaintiffs did not take the next written examination and were demoted to police officers.

Plaintiffs sued, alleging (1) a 18 U.S.C. § 1983 due process violation against the city and its former Director of Human Resources and Labor Relations, Makini Jackson; (2) a tortious interference with contractual rights claim against the FPOA and its president, Kevin Smith (collectively, "the FPOA defendants"); (3) a breach of contract claim against the city; (4) a breach of the duty of fair representation claim against the POLC; and (5) a violation of their First Amendment rights under § 1983 against the city and its Chief of Police, Terence Green. The district court dismissed plaintiffs' tortious interference claim for failure to state a claim and granted summary judgment to defendants on the remaining claims. The district court also denied plaintiffs' pending motion to compel discovery as moot. We affirm.

**I**

Plaintiffs all held the position of provisional sergeant prior to August 15, 2019. The city's personnel rules permit the appointment of an employee to a provisional position when a vacancy arises that "cannot be filled as provided under these rules due to absence of an appropriate eligible list." DE 57-2, City Personnel Rules, Page ID 889. The provisional appointment "shall, insofaras practicable, be limited to a maximum of ninety (90) days." *Id.* When the appointment terminates, "the employee shall be entitled to return to his prior employment status." *Id.* Despite that policy, plaintiffs served as provisional sergeants longer than ninety days.[1]

---

[1] Each plaintiff served as a provisional sergeant for longer than one year.

Promotions to permanent sergeant were governed by the city's CBA with the FPOA. Article 35 of the CBA stated:

> 2. The City shall have the right to select among the top three (3) rank eligibles or from among all eligibles falling within three percentage (3%) points of the highest score certified, whichever produces the greatest of eligibles, plus all ties with the lowest score certified.
>
> 3. Additionally, the officer must have either a minimum of three (3) years of seniority and fifteen (15) college credit hours, or a minimum of five (5) years of seniority.

DE 57-3, FPOA CBA, Page ID 892. Once promoted, the city's CBA with the POLC provided that permanent sergeants could be disciplined, suspended, or discharged only "for cause." DE 20-11, POLC CBA, Page ID 250. The FPOA required negotiations between the city and the FPOA if the city wished to "establish a new or different testing procedure or eligibility requirements for promotion to Sergeant." DE 57-3, FPOA CBA, Page ID 892. If the city and the FPOA engaged in negotiations and were unable to agree, the CBA deemed "the matter shall be subject to the grievance procedure." *Id.* The CBA expired on June 30, 2019. The city and the FPOA agreed to hold promotions in abeyance while they negotiated a successor CBA.

Although plaintiffs had not taken the written examination and were not on an eligibility list, the FPOA filed a grievance on plaintiffs' behalf requesting their promotions be made permanent in August 2019.[2] Mistakenly believing the city's personnel rules required permanent promotions after a provisional appointee served longer than ninety days, then-Chief of Police Johnson concurred with the grievance and directed plaintiffs' promotions be made permanent on August 15, 2019. In September 2019, Jackson signed plaintiffs' personnel requisition forms indicating that plaintiffs' promotions from provisional to permanent sergeant were effective and

---

[2] Although Officer Burton was promoted to permanent sergeant with the other plaintiffs without taking an examination or being on an eligibility list, she was not named in the FPOA grievance.

that they belonged to the sergeants' union.[3]  The city then began deducting dues for the POLC, the labor union representing the FPSA, from plaintiffs' paychecks.

On October 15, 2019, the POLC filed a grievance on behalf of the FPSA opposing plaintiffs' promotions to permanent sergeant.  The grievance claimed the promotions were "based on favoritism and not standardized testing" and noted that, historically, "standardized testing has been part of the promotional process."  DE 20-12, POLC First Grievance, Page ID 307.  Since plaintiffs' "appointments did not result from a current eligibility list as all current members of FPSA have in the past," the POLC requested the city "[r]escind and demote the six recently appointed members to the FPSA who did not test accordingly and who were not on a current established eligibility list."  *Id.*

On October 29, 2019, the city and the FPOA made an MOU to settle the POLC's grievance. The city agreed to return plaintiffs to provisional sergeants and stated their status would "remain unchanged pending the completion of a promotional examination for the permanent placement of FPOA members into the position of Police Sergeant."  DE 57-11, MOU, Page ID 940.  Plaintiffs were not given notice or a hearing prior to their demotions.  The city stopped deducting POLC dues from plaintiffs' paychecks by the end of October.

In December 2019, the POLC filed a second grievance on behalf of plaintiffs requesting they be returned to permanent sergeants.  At step four of the process, the grievance was referred to human resources for mediation and arbitration.  The Grievance Review Committee reviewed both of POLC's grievances and found it "clear that an arbitrator would find that no contract violations occurred."  DE 35-5, POLC Resp. to Grievances, Page ID 581.  Regarding the first grievance, the committee found "the best possible outcome has already occurred by those demoted

---

[3] Officer Watson's personnel requisition form is not included in the district court record.

receiving preferential treatment in the subsequent promotional process." *Id.* The committee declined to advance the second grievance to arbitration. Plaintiffs appealed and asked the POLC to reconsider. The POLC denied plaintiffs' appeal because the grievance was untimely and lacked sufficient merit to warrant arbitration.

Pursuant to the MOU, a promotional examination was to be held on or before October 31, 2020. Any plaintiff who received a passing score would be promoted to permanent sergeant, thereby allowing plaintiffs to bypass the requirement that their score be in the top three percent. After plaintiffs declined to sit for the written exam, they were demoted to police officers on December 27, 2020.

Plaintiffs sued, alleging (1) the city and Jackson violated their due process rights by demoting them to provisional sergeants without notice; (2) the FPOA defendants tortiously interfered with their contractual rights under the CBA between the city and the POLC; (3) the city breached its CBA with the POLC; and (4) the POLC breached its duty of fair representation by filing the grievance requesting plaintiffs' demotions and by not advancing plaintiffs' grievance to arbitration. The district court granted the FPOA defendants' motion to dismiss plaintiffs' tortious interference claim. After plaintiffs were demoted to police officers, they filed an amended complaint alleging the city and Green violated their First Amendment rights by demoting them after they filed this lawsuit. The district court granted summary judgment to defendants on plaintiffs' remaining claims and denied plaintiffs' pending motion to compel discovery as moot. Plaintiffs appeal the district court's dismissal of their tortious interference claim, grant of summary judgment to defendants on their other claims, and denial of their motion to compel discovery.

## II

Plaintiffs request that this court reverse the district court's dismissal of their five claims and their motion to compel discovery. Plaintiffs first assert they sufficiently stated a claim for relief for tortious interference such that the district court erred in granting the FPOA defendants' motion to dismiss. They next argue the district court's grant of summary judgment on their remaining claims "relies on the factually flawed premise that Plaintiffs' promotion to the position of permanent sergeant was improper." CA6 R. 27, Appellant Br., at 21. Finally, plaintiffs assert the documents sought in their motion to compel were relevant to their claims because they corroborated plaintiffs' assertion that they were properly promoted to permanent sergeant. Because the district court properly dismissed plaintiffs' claims and denied their motion to compel, we affirm in full.

### 1

The district court dismissed Count II of plaintiffs' complaint for failure to state a claim that the FPOA defendants tortiously interfered with plaintiffs' contractual rights with the POLC and the city. We review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs must allege "enough factual content" for the court to "reasonably infer that the defendant is liable." *Doe v. Baum*, 903 F.3d 575, 580 (6th Cir. 2018). "Legal conclusions, formulaic recitations of the claim's elements, and naked assertions of liability are all insufficient." *Id.* at 580–81 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up)). We accept plaintiffs' factual allegations as true and draw all reasonable inferences in plaintiffs' favor. *Id.* at 581.

The parties agree that plaintiffs' tortious interference claim is governed by Michigan law. To establish tortious interference with contractual relations, plaintiffs must establish "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Health Call of Detroit v. Atrium Home & Health Servs., Inc.*, 706 N.W.2d 843, 848–49 (Mich. Ct. App. 2005). The third element was the basis of the district court's decision to dismiss the claim and is the only element disputed by the parties. To establish the third element, plaintiffs "must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Knight Enters. v. RPF Oil Co.*, 829 N.W.2d 345, 348 (Mich. Ct. App. 2013) (quoting *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 157–58 (Mich. Ct. App. 2004)). "A wrongful act per se is an act that is inherently wrongful or an act that can never be justified under any circumstances." *Id.* (quoting *Prysak v. R.L. Polk Co.*, 483 N.W.2d 629, 635 (Mich. Ct. App. 1992)). If the defendant does not intend to "instigate or induce the breach, . . . 'his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other.'" *Id.* at 348–49 (quoting *Woody v. Tamer*, 405 N.W.2d 213, 218 (Mich. Ct. App. 1987)).

Plaintiffs argue the district court erred in dismissing their claim because Michigan courts typically treat the third element as a jury question. Michigan courts previously "endorsed a per se rule that conduct motivated by 'legitimate personal and business reasons' was shielded from liability for tortious interference." *Roche Diagnostics Corp. v. Shaya*, 427 F. Supp. 3d 905, 926 (E.D. Mich. 2019) (quoting *Christner v. Anderson, Nietzke & Co. P.C.*, 401 N.W.2d 641, 650 (Mich. Ct. App. 1986)). That per se rule was disavowed and replaced with a balancing test in which courts consider the defendant's motive along with "(1) the nature of the defendant's

conduct, (2) the nature of the plaintiff's contractual interest, (3) the social utility of the plaintiff's and the defendant's respective interests, and (4) the proximity of the defendant's conduct to the interference." *Tata Consultancy Servs. v. Sys. Int'l, Inc.*, 31 F.3d 416, 427 (6th Cir. 1994) (quoting *Jim-Bob, Inc. v. Mehling*, 443 N.W.2d 451, 463 (Mich. Ct. App. 1989)). After weighing these factors, if "there is enough doubt about the propriety of [the defendant's] conduct," the court should leave the question of what constitutes justification to the jury. *Id.* at 429.

Plaintiffs allege they sufficiently "pled allegations demonstrating [the FPOA] Defendants were not justified, even if Defendants claim the MOU shows they were motivated by legitimate business purposes because they were correcting a supposed mistake." CA6 R. 27, Appellant Br., at 24. Plaintiffs point to the following factual allegations in their complaint:

> 29. Within days of the above grievance being filed by FPSA, on or about October 17, 2019, there was a lawsuit filed against Flint by employees of Flint, which included police officers, alleging reverse race discrimination, suggesting promotions to Sergeant were based on race.
>
> . . .
>
> 33. In order to gain political favor with FPSA, and in an attempt to try to appease members of FPOA, including the officers and those involved in the lawsuit against Flint, Mayor Weaver directed her staff and/or attorneys, including Defendant Jackson, to reverse the decision of the then-Chief of Police to promote Plaintiffs to the positions of permanent Sergeant.

DE 1, Compl., Page ID 8–9.[4] Plaintiffs also point to paragraph 54, which states: "By its conduct, [the FPOA] Defendants intentionally and improperly interfered with the contractual rights Plaintiffs had under their CBA with POLC and Flint." *Id.* at 12.

---

[4] In the referenced lawsuit, seventeen city employees (none of whom are plaintiffs here) sued the city, Johnson, and Jackson alleging race discrimination, retaliation, and constructive discharge in the Michigan Circuit Court for Genesee County.

As the district court found, "[p]laintiffs have not alleged any wrongful conduct by FPOA or Smith that would support the third element of their tortious interference claim." *Booth v. Flint Police Officers Ass'n*, 2020 WL 5235228, at \*2 (E.D. Mich. Sept. 2, 2020). Plaintiffs do not allege any facts related to wrongful per se acts or malicious conduct on the part of the FPOA defendants showing the FPOA defendants intended to "instigate or induce" a breach. *Knight Enters.*, 829 N.W.2d at 348. As plaintiffs do not allege wrongful conduct by the FPOA defendants, there are no favorable inferences to be drawn in plaintiffs' favor to support their claim. And their allegation that the FPOA defendants "intentionally and improperly interfered with the contractual rights Plaintiffs had under their CBA with POLC and Flint" is a legal conclusion that is insufficient to meet their burden to defeat a motion to dismiss. *See Doe*, 903 F.3d at 580–81. We affirm the district court's dismissal of plaintiffs' tortious interference claim against the FPOA defendants.

**2**

The district court granted summary judgment to the city and Jackson on plaintiffs' due process claim, to the city on plaintiffs' breach of contract claim, and to the POLC on plaintiffs' duty of fair representation claim. The court held each of these claims failed because plaintiffs were improperly promoted to the position of permanent sergeant. We review de novo a district court's grant of summary judgment. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020). We "view[] all the evidence in the light most favorable to the nonmoving party and draw[] 'all justifiable inferences' in his favor." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movants are entitled to summary judgment if they show "there is no genuine dispute as to any material fact" such that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**A**

Plaintiffs alleged in Count I that they held a property interest in the position of permanent sergeant and their demotions without notice or a hearing violated their right to due process under the Fourteenth Amendment.  Plaintiffs requested monetary and injunctive relief under 18 U.S.C. § 1983.  The district court granted summary judgment to the city and Jackson, finding plaintiffs did not have a property interest in the position because they were improperly promoted.

To have a property interest in the position of permanent sergeant under the Fourteenth Amendment, plaintiffs must "have a legitimate claim of entitlement to it," which is "more than a unilateral expectation." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  Property interests "are not created by the Constitution." *Id.* at 577.  "The hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12 (1978)).  Thus, plaintiffs held a property interest in the position of permanent sergeant only if Michigan state or local law provides "rules or mutually explicit understandings that support [their] claim of entitlement to the [position]." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972).  If plaintiffs had a property interest in the position of permanent sergeant, due process requires a hearing.  *Roth*, 408 U.S. at 577; *see also Goldberg v. Kelly*, 397 U.S. 254, 264 (1970).

If plaintiffs were properly promoted to permanent sergeant, they would have a property interest in the position because the city's CBA with the POLC provides that sergeants may be disciplined, suspended, or discharged only "for cause." DE 20-11, POLC CBA, Page ID 250; *see Logan*, 455 U.S. at 430 (citation omitted).  Promotions to permanent sergeant were governed by Article 35 of the city's CBA with the FPOA.  With respect to the written examination, it states:

"The City shall have the right to select among the top three (3) rank eligibles or from among all eligibles falling within three percentage (3%) points of the highest score certified, whichever produces the greatest of eligibles, plus all ties with the lowest score certified." DE 57-3, FPOA CBA, Page ID 892.[5] Under the CBA, alterations from this policy required negotiations between the city and the FPOA. In the event the parties could not agree, the CBA provided a grievance procedure. While the CBA expired on June 30, 2019, the provision covering promotions survived the expiration date because it was a "mandatory subject of bargaining" under Michigan labor law governing public employment. *Local 1467, Int'l Ass'n of Firefighters, AFL-CIO v. City of Portage*, 352 N.W.2d 284, 287 (Mich. Ct. App. 1984); *Detroit Police Officers Ass'n v. City of Detroit, Police Dep't*, 233 N.W.2d 49, 53 (Mich. Ct. App. 1975) (holding "the standards and criteria for promotion are 'terms and conditions of employment' . . . and a mandatory subject of collective bargaining"). "Neither party may take unilateral action on a 'mandatory subject' of bargaining absent an impasse in negotiations." *Local 1467*, 352 N.W.2d at 287. If "[a]n employer tak[es] unilateral action on a 'mandatory subject' of bargaining prior to impasse in negotiations," it "has committed an unfair labor practice." *Id.* at 287–88 (citing M.C.L. § 423.210(1)(e); M.S.A. § 17.455(10)(1)(e)).

At the time of plaintiffs' designation as permanent sergeant, the city and the FPOA "had agreed to hold in abeyance" appointments to permanent sergeant "until the completion of the

---

[5] The city provided evidence that it historically did not deviate from this policy. Former Deputy Chief of Police Devon Bernritter testified that, since he joined the police department in 1995, the promotions at issue were the only occasion where "promotions were made outside of the competitive process." DE 59-3, Bernritter Dep., Page ID 1064, 1077. Douglas Santiago, who joined the department in 2005 and previously served as president of the FPSA, testified that promotions "always" occurred via "a competitive exam which included a written test and an eligibility list." DE 59-6, Santiago Dep., Page ID 1138–39, 1155. Johnson, however, testified that a promotion to permanent sergeant outside the competitive exam process occurred in 1983 or 1985.

negotiations between the parties regarding Provisional Appointments." DE 57-11, MOU, Page ID 940.[6] Even though plaintiffs had not taken the competitive examination and were not on an eligibility list as required by the CBA, Johnson signed the FPOA grievance requesting plaintiffs' promotions. Johnson granted the promotions because the city was "in need of sergeants" and he felt plaintiffs "definitely deserved" the promotions. DE 59-7, Johnson Dep., Page ID 1162, 1165. Johnson also mistakenly believed the city's policies required promotion to a permanent position after an employee held a provisional position for more than ninety days.[7] After Johnson promoted plaintiffs, the POLC filed a grievance on behalf of the FPSA requesting the promotions be rescinded because the promotions did not follow the competitive examination process. The city and the FPOA, authorized by the CBA to alter the promotions process, subsequently made an MOU that returned plaintiffs to provisional sergeants. According to the MOU, plaintiffs would become permanent sergeants if they obtained a passing score on the written examination, thereby allowing them to bypass the CBA requirement that their scores be in the top three percent. Since plaintiffs did not sit for the next written examination, they were returned to their police officer positions consistent with city policy for provisional appointments.[8]

Johnson's decision to promote plaintiffs was a unilateral act in violation of both the CBA and the agreement between the city and the FPOA to hold appointments to permanent positions in

---

[6] The parties began negotiating a successor CBA in June 2019 and continued through October 2019.

[7] The city's personnel rules state that an employee should be returned to "his prior employment status" upon termination of a provisional appointment, which should "be limited to a maximum of ninety (90) days" if practicable. DE 57-2, City Personnel Rules, Page ID 889.

[8] The city's personnel rules provide that "[a] provisional appointment may be continued in employment only until examinations can be held, an eligible list established, certifications made, and arrangements completed with" the permanent appointee. DE 57-2, City Personnel Rules, Page ID 889. The rules further state: "Upon termination of a provisional appointment, the employee shall be entitled to return to his prior employment status." *Id.*

abeyance pending ongoing CBA negotiations—an unfair labor practice under Michigan law. *See Local 1467*, 352 N.W.2d at 287–88. Johnson lacked authority to promote plaintiffs outside of the competitive examination procedure, as any alteration to the promotion procedure required negotiations between the city and the FPOA. Plaintiffs argue the completed human resources forms and their payment of dues to POLC establish a genuine issue of material fact as to whether they were promoted, but these facts do not cure the legal defect in their promotions. Plaintiffs also argue that once they were promoted, they obtained a property interest in the permanent sergeant position via the POLC CBA, which provides that permanent sergeants can be demoted only for cause. However, since plaintiffs' promotions did not conform with the applicable procedure, they did not become bona fide members of the FPSA and were not protected by the POLC CBA's for-cause provision.

Plaintiffs do not have "an individual entitlement grounded in state law." *Logan*, 455 U.S. at 430. They were not entitled to be promoted to permanent sergeants or to remain permanent sergeants without due process. As the district court noted, plaintiffs "cite no case authority . . . for the proposition that one has a property interest in retaining a position that was obtained through mistake or in violation of required procedures." *Booth v. Flint Police Officers Ass'n*, 2021 WL 3847689, at *6 (E.D. Mich. Aug. 27, 2021). Because plaintiffs were improperly promoted to permanent sergeant, we find they did not have a property interest in the position and their demotions without notice or a hearing therefore did not violate the Due Process Clause of the Fourteenth Amendment.

**B**

Plaintiffs alleged in Count III that the city breached its contract with the POLC by demoting them to provisional sergeants without cause. The district court dismissed plaintiffs' breach of

contract claim against the city, finding plaintiffs "never became bona fide members" of the FPSA and were therefore "not protected by that union's CBA." *Booth*, 2021 WL 3847689, at *2. Plaintiffs argue this finding was in error because genuine issues of material fact exist as to whether they were bona fide members of the FPSA. The CBA between the city and the POLC protected members of the Flint Police Department "possessing the rank of Sergeant." DE 20-11, POLC CBA, Page ID 249. As addressed above, plaintiffs' promotion to permanent sergeant was improper because it was without legal authority. Furthermore, even if plaintiffs *were* members of the FPSA, the improper nature of their promotion would constitute good cause for revocation. We find plaintiffs were not protected by the "for cause" provision of the city's CBA with the POLC and affirm the district court's dismissal of their breach of contract claim.

**C**

In Count IV, plaintiffs alleged the POLC violated its duty of fair representation by filing a grievance opposing their promotion to permanent sergeant and by failing to advance their grievance to arbitration following their demotion. The district court granted summary judgment to the POLC, finding the POLC did not owe plaintiffs a duty because they never became bona fide members of the FPSA, the sergeants' organization that POLC represents. We agree with the district court that plaintiffs' promotions were legally ineffective. Since they did not become bona fide members of the FPSA, the POLC did not owe plaintiffs a duty of fair representation.[9] Even if the POLC owed plaintiffs a duty of fair representation, the POLC did not breach that duty by opposing plaintiffs' promotion to permanent sergeant or by declining to advance plaintiffs'

---

[9] As noted by the district court, "[i]f POLC dues were deducted from plaintiffs' paychecks for the short period of time during which plaintiffs were deemed to be permanent sergeants (approximately from the end of September to the end of October 2019), they may have a claim for the return of that money." *Booth*, 2021 WL 3847689, at *7.

grievance through arbitration in a nonarbitrary manner. *See Goolsby v. City of Detroit*, 358 N.W.2d 856, 863 (Mich. 1984) (stating that when a union's "duty of concern for the good of the total membership . . . conflicts with the needs or desires of an individual member, the discretion of the union to choose the former is paramount") (citation omitted); *see also id.* at 862 ("Though . . . a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion," an individual employees does not have "an absolute right to have his grievance taken to arbitration . . . .") (citation omitted). We affirm the district court's grant of summary judgment to the POLC on Count IV.

**3**

In Count V, plaintiffs alleged the city demoted them from provisional sergeants to police officers in retaliation of the exercise of their First Amendment rights to file this lawsuit. They claimed monetary and injunctive relief under 42 U.S.C. § 1983. The district court granted summary judgment to the city and Green, finding the timing and circumstances of plaintiffs' demotions did not support the conclusion that the filing of this lawsuit caused the city to demote plaintiffs. Plaintiffs argue summary judgment was inappropriate because defendants' motivation is at issue. We review de novo a district court's grant of summary judgment, viewing all facts and drawing all justifiable inferences in favor of the nonmoving party. *Fisher*, 951 F.3d at 416.

The First Amendment protects the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. To establish a claim of retaliation under the First Amendment, plaintiffs must show: (1) they were "engaged in a constitutionally protected activity;" (2) defendants took an adverse action against them; and (3) "the adverse action was motivated at least in part as a response to the exercise of the plaintiff[s'] constitutional rights." *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998). The third element was the basis of the district court's holding

and is the only element disputed by the parties. To establish the causal connection required by the third element, defendants' retaliatory motive "must be a 'but-for' cause, meaning that the adverse action against [plaintiffs] would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citation omitted). Even if plaintiffs' "protected conduct played a part, substantial or otherwise," in the decision to demote, plaintiffs are not entitled to a remedy "if the same decision would have been reached" absent their protected conduct. *Id.* (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285 (1977)).

Nearly five months before plaintiffs filed this lawsuit on March 18, 2020, the city and the FPOA made the MOU that demoted plaintiffs to provisional sergeants. The MOU provided that the city would hold a promotional examination on or before October 31, 2020 and that plaintiffs would be promoted to permanent sergeant if they obtained a passing score. Plaintiffs elected not to take the October 2020 sergeants' examination. The city promoted several individuals to permanent sergeant from the eligibility list after the competitive examination. Plaintiffs were demoted to police officers on December 27, 2020.

The city points to the MOU as the actual cause of plaintiffs' demotions. Then-Chief Green testified that he decided to demote plaintiffs "based on the MOU that existed." DE 59-2, Green Dep., Page ID 1053. The district court also referred to the city personnel rules governing provisional appointments, which provide:

> A provisional appointment may be continued in employment only until examinations can be held, an eligible list established, certifications made, and arrangements completed with the person whose name is certified to begin work, at which time the provisional appointee shall be terminated. . . . Upon termination of a provisional appointment, the employee shall be entitled to return to his prior employment status.

DE 57-2, City Personnel Rules, Page ID 889.

Plaintiffs cannot establish that the filing of this lawsuit was the but-for cause of their demotions to police officer. The MOU provided a noncompetitive avenue for their promotion to permanent sergeant but they did not take the requisite examination. Once permanent sergeants were selected from the eligibility list following the October competitive examination, the city personnel rules dictated plaintiffs' demotion back to their "prior employment status," i.e., their nonprovisional employment status. Before plaintiffs became provisional sergeants, they were police officers. Since plaintiffs' demotions to police officer complied with the terms of the MOU and the city's personnel rules, we affirm the district court's dismissal of their First Amendment retaliation claim.

**4**

In granting summary judgment to defendants, the district court denied plaintiffs' pending motion to compel discovery as moot. Plaintiffs moved to compel the production of an email correspondence involving Jackson dated September 30, 2019. Plaintiffs claimed the email was shown to Jackson during her deposition that was "directly related to the Plaintiffs' claims," "was damaging to Defendant City of Flint," and was inconsistent with Jackson's deposition testimony. DE 60, Mot. to Compel, Page ID 1185. On appeal, plaintiffs argue they "would likely have had additional evidence to support their claims" had their motion been granted. CA6 R. 27, Appellant Br., at 39. The city defendants argue the requested discovery is irrelevant to the dispositive issues in plaintiffs' claims against the city and Jackson.

We review the denial of a motion to compel discovery for abuse of discretion. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, [or] misapplies the correct legal standard when reaching a conclusion . . . ." *Id.* (citation omitted). We must have

"a definite and firm conviction" that the district court "committed a clear error of judgment" to reverse its decision. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).

Plaintiffs argue the emails were relevant to their "promotion to permanent sergeant, which the documents suggest was consistent with the CBA," and their demotion to provisional sergeant in October 2019.[10] CA6 R. 39, Reply Br., at 5. The issue of whether plaintiffs had a property interest in the position of permanent sergeant is a question of law. The district court evaluated multiple pieces of evidence to decide that question—namely the CBA and MOU between the city and the FPOA. Jackson, the city's Director of Human Resources and Labor Relations from January 2018 to November 2019, signed the MOU that demoted plaintiffs to provisional sergeants on behalf of the city. Jackson could not, however, deprive plaintiffs of a property interest where none existed by law. Further, Jackson was not employed by the city in October 2020 when the promotional examination was held or in December 2020 when plaintiffs were demoted to police officers. There is no "definite and firm conviction" that the district court "committed a clear error of judgment." *Pittman*, 901 F.3d at 642 (citation omitted). And we recognize that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted). We therefore affirm the district court's denial of plaintiffs' motion to compel discovery as moot.

---

[10] Plaintiffs' reply brief states plaintiffs were demoted in October 2018, but plaintiffs' demotion to provisional sergeant occurred in October 2019.

**III**

We affirm the district court's dismissal of plaintiffs' tortious interference claim, grant of summary judgment to defendants on plaintiffs' remaining claims, and denial of plaintiffs' motion to compel as moot.